# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elizabeth Douglas,                         :
                     Petitioner    :
                               :
           v.                             :    No. 838 C.D. 2016
                               :    Submitted: September 23, 2016
Unemployment Compensation                  :
Board of Review,                           :
                     Respondent    :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

OPINION BY JUDGE BROBSON        FILED: December 16, 2016

Petitioner Elizabeth Douglas (Claimant), acting *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a Referee's decision dismissing Claimant's appeal as untimely pursuant to Section 501(e) of the Unemployment Compensation Law (Law).[1] We now vacate and remand the Board's order.

Claimant filed for unemployment compensation benefits following the termination of her employment with Roy Tweedy Meats (Employer) as a deli

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Section 501(e) of the Law states:

> (e) Unless the claimant . . . files an appeal with the board, from the determination contained in any notice required to be furnished by the department . . . within fifteen calendar days after such notice . . . was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

clerk. Claimant's husband had also worked for Employer, stopped working, and filed for benefits. The Lancaster UC Service Center (Service Center) issued a Notice of Determination in which it determined that Claimant was ineligible for unemployment compensation benefits under Section 402(e) of the Law,[2] based on willful misconduct. (Certified Record (C.R.), Item No. 4.) The notice indicated that it was mailed on February 3, 2016, and that the last day that Claimant could appeal the determination was February 18, 2016. (*Id.*) Claimant did not file her appeal until February 22, 2016, four days after the statutory appeal had expired. (C.R., Item No. 5.)

A Referee conducted a hearing on March 23, 2016, for the purpose of determining whether Claimant's appeal from the Notice of Determination was timely. (C.R., Item No. 8.) At the start of the hearing, the Referee identified a number of documents in the hearing file for purposes of their admission, including the Notice of Determination, which the Referee characterized as having been "mailed on February 3, 2016." (*Id.* at 2). Claimant had no objection to the admission of the documents into the record. (*Id.*) Claimant testified that she did not receive a Notice of Determination in the mail. (*Id.* at 3.) She testified that after waiting for it in the mail, on February 22, 2016, she decided to call the Service Center to check on the status of her file. (*Id.*) Despite not obtaining a definitive answer from a Service Center employee as to whether or not she was granted benefits, Claimant concluded that she had been denied benefits and appealed without a Notice of Determination that same day. She also testified that

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

during the telephone call, the representative from the Service Center mentioned that "there was a fire or something in the Landsdowne – Lancaster office." (*Id.*) Claimant testified that she received "a notice" about a week later.[3] (*Id.*)

By decision dated March 23, 2016, the Referee dismissed Claimant's appeal as untimely. (C.R., Item No. 9.) In so doing, the Referee issued the following findings of fact:

1. On February 3, 2016, the Lancaster UC Service Center mailed a Notice of Determination to the claimant's last known mailing address which denied benefits under Section 402(e) of the Law.

2. At the time the claimant filed her claim for UC benefits, the claimant's husband also filed a claim for UC benefits.

3. The Notice of Determination mailed to the claimant on February 3, 2016 was not returned by the postal authorities as being undeliverable.

4. The claimant was not having any issues with her receipt of mail.

5. The determination specified the final day to file a timely appeal was February 18, 2016.

6. The claimant did not file an appeal to the Notice of Determination until February 22, 2016.

---

[3] It is unclear from the testimony and record whether Claimant subsequently received the Notice of Determination or whether her testimony as to having received a notice related to a notice of hearing, which the Service Center mailed March 9, 2016. In addition, she did not testify that the representative informed her that any event at the Service Center interfered with the processing or mailing of the Notice of Determination.

7. The claimant's husband received his Notice of Determination at the same address the Notice of Determination for the claimant was mailed.

8. The claimant was not misinformed or misled with respect to her appeal rights.

(*Id.*)

In concluding that Claimant failed to appeal the Service Center's decision in a timely manner, the Referee relied on the "mailbox rule." The Referee explained that the mailbox rule creates a rebuttable presumption that the item mailed was received as mailed. The Referee further reasoned:

> In the present case, the competent evidence contained in the hearing record establishes on February 3, 2016, the Lancaster UC Service Center mailed a Notice of Determination to the claimant's last known mailing address which denied benefits to the claimant under Section 402(e) of the Law. Although the claimant presented testimony at the hearing to establish she did not receive the determination, this testimony is rejected as not credible. Specifically, the record is void of any competent evidence to establish the determination was returned by the postal authorities as being undeliverable, and the Referee also finds that based on the claimant's own testimony, the claimant's husband also had an open UC claim for which he received his determination at the same address. Finally, no evidence was presented by the claimant to establish that the claimant was having issues with receiving mail during the appeal period. Therefore, the determination is presumed received as mailed, and the claimant has failed to establish that she filed an appeal in accordance with the provisions of Section 501(e) of the Law. As the provisions of the Law are mandatory, the Referee has no jurisdiction to consider the claimant's appeal and the claimant's appeal is dismissed.

(*Id.*)

4

Claimant appealed to the Board. On appeal, she asserted that she was confused at the hearing as to why it related to the timing of her filing the appeal instead of the merits of her appeal. (C.R., Item No. 10.) She also asserted, again, that she had appealed the Notice of Determination on February 22, 2016, as soon as a representative of the Service Center informed her that the Notice of Determination was mailed on February 3, 2016. *Id.* She further elaborated that "the office where [the] decision had come from had had a fire and that could have been the cause of [having] not received [the notice.]" *Id.* The Board affirmed the Referee's decision and dismissed Claimant's appeal, concluding that the Referee had properly dismissed the appeal as untimely. (C.R., Item No. 11.) The Board adopted and incorporated the Referee's findings of fact and conclusions of law. The Board, addressing Claimant's reference to her confusion, added "[o]n appeal, the claimant writes that she was 'confused when [she] had [a] hearing,' however, confusion is not good cause for reopening of the record under the Law." (*Id.*) Claimant then petitioned this Court for review.

On appeal,[4] Claimant essentially argues that finding of fact number 3, which provides that the Service Center mailed the Notice of Determination on February 3, 2016, is not supported by substantial evidence; that the Referee and Board erred in not crediting her testimony that she did not receive the Notice of Determination; and that the Board erred as a matter of law in dismissing her appeal as untimely.

---

[4] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

With regard to Claimant's argument that substantial evidence of record does not exist to support the finding that the Service Center *mailed* the Notice of Determination on February 3, 2016, the Board's finding appears to be based solely on the Notice of Determination itself, which includes a "mailed on" date. The Board, in adopting the Referee's decision, applied what is referred to as the "mail box rule" to create a rebuttable presumption that Claimant had received the Notice of Determination. The mailbox rule provides that the depositing of a properly addressed letter with prepaid postage in the post office raises a presumption that the letter reached its destination by due course of mail. *Dull v. Unemployment Comp. Bd. of Review*, 955 A.2d 1077, 1079 (Pa. Cmwlth. 2008). Under the mailbox rule, evidence that a letter was mailed ordinarily will be sufficient to permit a fact-finder to find that the letter was, in fact, received by the party to whom it was addressed. *Id.* A claimant asserting non-receipt of mail must overcome the presumption created by the common law mailbox rule. *Volk v. Unemployment Comp. Bd. of Review*, 49 A.3d 38, 41 (Pa. Cmwlth. 2012). The Board, considering whether Claimant had rebutted the presumption, determined that she had failed to do so. The Board then presumed that the Notice of Determination was received and that Claimant, therefore, failed to comply with the provisions of Section 501(e) of the Law, requiring an appeal to be filed within fifteen days of the mailing date.

The problem with the Board's application of the mailbox rule to the circumstances in this case is that, here, Claimant, in addition to contending that she did not receive the Notice of Determination, also contends that the notice was *not mailed*. In other words, Claimant disputes the basis giving rise to the presumption that she received the notice. In *Blast Intermediate Unit #17 v. Unemployment*

6

*Compensation Board of Review*, 645 A.2d 447 (Pa. Cmwlth. 1993), this Court recognized two component presumptions, both rebuttable, that arise when a party challenges a public official's claim to have placed an order in the mail: (1) the presumption of the regularity of the acts of public officials (which is used to establish that a public official placed an item into the mail); and (2) the presumption of receipt (*i.e.*, that a properly mailed letter to the last known address of the addressee which is not returned undelivered by the postal authorities was timely received by the addressee—*i.e.*, the mailbox rule). *See Blast*, 645 A.2d at 449. We explained that the two presumptions are applied separately and that there must be some evidence to support the first presumption before the second presumption may be applied. In other words, "the presumption of receipt is 'inapplicable' in the absence of proof that the notice was mailed. '[U]ntil there is proof that a letter was mailed, there can be no presumption that it was received.'" *Id.* (quoting *Leight v. Unemployment Comp. Bd. of Review*, 410 A.2d 1307, 1309 (Pa. Cmwlth. 1980) (alteration in original)). We further explained that

> "the mere existence of a rule requiring an act to be performed by a public official" is not sufficient "to raise a presumption that the act was in fact performed," *i.e.*, the mailing of the notice. The presumption only comes into play when there is on record "some other indication that the act in question had been performed," such as "a notation to that effect made by a local bureau official" that the letter had been deposited in the mail.

*Blast*, 645 A.2d at 449 (quoting *Mileski v. Unemployment Comp. Bd. of Review*, 379 A.2d 643 (Pa. Cmwlth. 1973)).

In *Volk*, we explained the basis for the presumption of receipt as follows:

> Generally, when a party asserts that it did not receive a notice from the Department, the analysis begins with the

7

Department invoking an evidentiary presumption to show that the notice was received by the party. *This evidentiary presumption of receipt is used where the sender establishes with proof that a hearing notice was placed into the mail* addressed to the last known address of the addressee and it was not returned by postal authorities as undeliverable. *Gaskins [v.] Unemployment Comp. Bd. of Review*, 429 A.2d 138, 140 (Pa. Cmwlth. 1981)] (applying the common law mailbox rule); *see also* 34 Pa. Code § 101.53 (providing that "[m]ailing of notices, orders or decisions of a referee, or of the Board to the parties at their last known addresses as furnished by the parties to the referee, the Board or the Department, shall constitute notice of the matters therein contained.") This presumption is based on the notion that, once the notice, properly addressed, is placed in the mail, there are usually two options: either the notice will be delivered as addressed, or, if it cannot be delivered, it will be returned to the sender. *See Bee v. Unemployment Comp[. Bd.] of Review*, . . . 119 A.2d 558, 559 (Pa. Super. 1956) ("Presumably [the notice] was received by claimant for it was not returned by the postal authorities.").[ ] Although those two options are the most likely to occur in our experience, there are occasions in which mail is lost or not delivered for some reason. *See, e.g., Verdecchia [v. Unemployment Comp. Bd. of Review*, 657 A.2d 1341, 1343-44 (Pa. Cmwlth. 1995)] (where the addressee provided evidence that the postal authorities did not forward mail as requested by addressee). Therefore, the courts only presume that the notice was received; the burden then shifts to the addressee to prove this presumption wrong and that the mail was not received. The presumption is, thus, merely "a procedural device which shifts the burden of persuasion or the burden of going forward with the evidence," *Bixler v. Hoverter*, . . . 491 A.2d 958, 959 (Pa. Cmwlth. 1985), to the claimant.[ ] *See also Commonwealth v. Shaffer*, . . . 288 A.2d 727, 735 (Pa. . . . ) (stating "[a] rebuttable presumption forces the defendant to come forth or suffer inevitable defeat on the issue in controversy")[, *cert denied sub nom. Shaffer v. Pennsylvania*, 409 U.S. 867 (1972)].

*Volk*, 49 A.3d at 41 (emphasis added) (footnotes omitted).

8

Here, although the Notice of Determination indicated that it was mailed on February 3, 2016, that, in and of itself, without more is insufficient to establish proof of mailing in the face of a challenge, because it is apparent that the "mailed date" was part of the information included in the notice itself at the time the notice was prepared. There is no subsequent notation in the file indicating that the notice was, in fact, mailed. Without proof of mailing or the presumption of regularity to establish that the notice was mailed, the presumption of receipt—*i.e.*, the mailbox rule—cannot be applied.

Moreover, Claimant raised the issue of proof of mailing before the Referee and in her appeal to the Board. Both the decisions of the Referee and Board, however, are void of any consideration of whether a problem at the Service Center may have interfered with the mailing of the Notice of Determination, and, therefore, we are unable "to exercise meaningful appellate review," and a remand is appropriate. *See Stana v. Unemployment Comp. Bd. of Review*, 791 A.2d 1269, 1271 (Pa. Cmwlth.), *appeal denied*, 813 A.2d 848 (Pa. 2002). On remand, the Referee shall receive testimony from a representative of the Service Center for purposes of issuing a decision that addresses Claimant's argument that the Service Center may not have mailed the notice to her.

Accordingly, we vacate the Board's order and remand the matter to the Board, with instruction that the Board remand the matter to the Referee for issuance of a decision consistent with this Opinion.

P. KEVIN BROBSON, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elizabeth Douglas,  :
          Petitioner  :
            :
          v.  :  No. 838 C.D. 2016
            :
Unemployment Compensation  :
Board of Review,  :
          Respondent  :

## O R D E R

AND NOW, this 16th day of December, 2016, the order of the Unemployment Compensation Board of Review (Board) is hereby VACATED and the matter REMANDED to the Board with instruction that the Board remand the matter to the Unemployment Compensation Referee for issuance of a new decision consistent with this Opinion.

      Jurisdiction relinquished.

 

_____
P. KEVIN BROBSON, Judge

Elizabeth Douglas,                        :
                    Petitioner            :
                                          :
        v.                                :    NO. 838 C.D. 2016
                                          :    SUBMITTED: September 23, 2016
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


DISSENTING OPINION
BY JUDGE HEARTHWAY                    FILED:  December 16, 2016


        The issue in this case is whether the Board properly affirmed the decision of the Referee that Claimant's appeal from the Service Center's unemployment compensation determination should be dismissed because the appeal was untimely.  Claimant contends that she did not receive notice of the determination until after her appeal period expired.  The Majority opinion concludes that remand is appropriate because the evidence does not support a finding that the notice was mailed.  I respectfully dissent for the following reasons.

        First, Claimant did not raise this issue before the Referee.  The Majority opinion states that "Claimant raised the issue of proof of mailing before the Referee and in her appeal to the Board."  However, Claimant's handwritten

letter of appeal to the Referee does not question whether or when the Notice of Determination was mailed. (C.R., Item No. 5.)

Before the Referee, Claimant testified that when she had not received any information on the status of her claim, she telephoned the Service Center on February 22, 2016. When asked by the Referee if she ever received the Notice of Determination, Claimant stated, "[a]fter—I think I talked to them that day[;] they told me there was a fire or something in the office in the Lansdowne—Lancaster office or something and that I got a notice like after that, after I spoke to somebody on the phone like almost a week after that." (C.R., Item No. 8; N.T., 3/23/16, at 3.) Context for this vague testimony is provided later to the Board in the next stage of the appellate process, when Claimant wrote that on February 22, 2016, an unidentified UC representative stated in a telephone call "that the office where my decision had come from had had a fire and that could have been the cause" that she did not receive notice. (C.R., Item No. 10.) But the only information *before the Referee* about a purported fire was Claimant's testimony that "they told me there was a fire or something in the. . . Lancaster office or something."[1] Notwithstanding the fact that it might be proper for this Court to afford some latitude to Claimant as a *pro se* litigant, this ambiguous and disjointed statement cannot be fairly construed as raising the issue of whether the Notice of Determination was mailed to Claimant. Nevertheless, the Majority opinion faults the Referee and the Board for not addressing this precise issue.

---

[1] Significantly, finding Claimant *not credible*, the Referee rejected Claimant's testimony that she did not receive the Notice of Determination. (C.R., Item No. 9; Referee's Decision, 3/23/16, at 2.)

JKH - 2

Like the Board's decision, the Board's brief to this Court does not address the question of whether there is substantial evidence in the record that the Notice of Determination was mailed. The silence of the Board on this issue is not surprising in light of the failure of Claimant to properly raise this issue before the Referee. Appellate review in this instance is hindered significantly by Claimant's failure to present and develop this issue.

Nevertheless, the Majority finds the question of whether there is substantial evidence to conclude that the Notice of Determination was mailed on February 3, 2016, to be determinative. The majority analyzes this case under *Blast Intermediate Unit #17 v. Unemployment Compensation Board of Review*, 645 A.2d 447 (Pa. Cmwlth. 1993), which discusses the presumption of regularity of the acts of public officials. Though "Pennsylvania recognizes a presumption that official acts or duties have been properly performed," LEONARD PACKEL & ANNE BOWEN POULIN, PENNSYLVANIA EVIDENCE § 326-20 (4th ed. 2013), the *Blast* court noted, "the mere existence of a rule requiring an act to be performed by a public official is not sufficient to raise a presumption that the act was performed." 645 A.2d at 449 (citation and internal quotation marks omitted). In other words, for the presumption that an act was properly performed to apply, the record must show "some other indication that the act in question had been performed." *Id*. (quoting *Mileski v. Unemployment Compensation Board of Review*, 379 A.2d 643, 645 (Pa. Cmwlth. 1977)).

In this case, a number of exhibits were entered without objection into the record at the Referee's hearing. (C.R., Item No. 8; N.T. at 2.) Exhibit 3 is a copy of the Notice of Determination, which specifically notes a mailing date of February 3, 2016.[2] (C.R., Item No. 4.) Consequently, the record includes a document that explicitly states "Mailed on: February 03, 2016." *Id.*

The Majority, however, brushes this evidence aside, stating "it is apparent that the 'mailed date' was part of the information included in the notice itself at the time the notice was prepared." (Maj. Op. at 9.) The Majority then concludes that a remand is appropriate for "the Referee [to] receive testimony from a representative of the Service Center for purposes of issuing a decision that addresses Claimant's argument that the Service Center may not have mailed the notice to her." (Id.)

The Majority's resolution begs the question, what is left of the presumption of regularity of the acts of public officials? The presumption is based on the "probability and the difficulty of proving that [a public official] conducted himself in a manner that was in all ways regular and legal." PACKEL & POULIN, PENNSYLVANIA EVIDENCE § 326-20 (*quoting* MCCORMICK ON EVIDENCE § 343 (7th ed.)). However, it seems that this presumption would be obliterated if (1) public officials were required *to prove through testimony* that a correctly documented routine act was in fact performed as reported; or (2) *incredible* testimony by a

_____

[2] Exhibit 4 is described as a computerized claim record generated by the UC Service Center; however, Exhibit 4 was not included in the certified record submitted to this Court. (C.R., Item No. 8; N.T. at 2.) It is unknown whether this exhibit also documents the date of mailing.

claimant was sufficient to rebut the presumption.[3]  If a government agency is required to actually prove via testimony that it performed a documented, routine act, what exactly is left for a fact-finder to presume?

The Majority concludes that the notation of a mailing date on Exhibit 3 is insufficient to invoke the presumption that the document was mailed as indicated.  I disagree.

Official documents prepared in the ordinary course of business by Commonwealth officials "carry with them a presumption that they are valid and correct and that the official acts involved in their preparation have been properly performed."  *In re Cameron's Estate*, 120 A.2d 173, 178 (Pa. 1957) (citations omitted).  "[A] prima facie presumption of the regularity of the acts of public officers exists until the contrary appears."  *Beacom v. Robison*, 43 A.2d 640, 643 (Pa. Super. 1945).  The presumption is triggered whenever there is some indication in the record that an act in question was performed.  *Mileski; Blast.*

Therefore, the Board should be affirmed.  Claimant waived the issue of an improper mailing by failing to adequately raise the question before the Referee.  Moreover, the notation of the mailing date on Exhibit 3 constitutes sufficient evidence to invoke the presumption that the act was performed.  The

---

[3] At best, Claimant's testimony about a rumored fire invites conjecture that perhaps the Notice of Determination was not actually mailed.  This type of conjecture, however, could be raised anytime a document is claimed not to have been received.

circumstances of this case do not warrant casting doubt on an important and long-standing evidentiary presumption.

_____
JULIA K. HEARTHWAY, Judge