## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thomas Bashinsky, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 485 C.D. 2020 |
| | : | Argued: December 7, 2020 |
| Unemployment Compensation Board | : | |
| of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
                   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE MICHAEL H. WOJCIK, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: February 24, 2021

Thomas Bashinsky (Claimant) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board), which affirmed the Referee's decision to dismiss Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law), 43 P.S. §821(e).[2]  Claimant contends that the Board erred in concluding that he was not entitled to appeal *nunc pro tunc* due to a breakdown in the administrative process.

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).  It states:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

*Id.*

Claimant filed a claim for unemployment compensation benefits on October 13, 2019. The Unemployment Compensation (UC) Service Center issued a notice of determination dated December 10, 2019, finding Claimant ineligible for benefits under Section 402(h) of the Law, 43 P.S. §802(h),[3] for the stated reason that he was a corporate officer of the separating employer and owned stock in the corporation; as such, Claimant exercised substantial control over the corporation's operations. The notice was addressed to Claimant at 15 Catherine Street, Barnesville, PA, 18214. The notice advised Claimant that "[t]he final day to file a timely appeal to this determination is December 26, 2019." Certified Record at 21 (C.R. __). On February 4, 2020, Claimant appealed the notice of determination. A hearing was scheduled before the Referee to address the timeliness of Claimant's appeal and the merits of the UC Service Center's decision.

At the hearing, Claimant testified that he applied for unemployment benefits in October 2019 and had not received a notice of determination by December 2019. On December 23, 2019, he went to the Department's website and engaged in the following online "LiveChat" with a representative named Jordan:

> [Claimant]: Any update on my claim?
>
> Jordan: Can you also provide me w/ your email, please?
>
> [Claimant]: [email address omitted]
>
> Jordan: Your claim is undergoing an adjudication process, so you won't automatically see payment. The examiner has to address the separation from your employer before you can be paid; you will receive the determination in the mail. If you disagree, you have 15 days from the mail date to file an appeal.

---

[3] It states, in pertinent part: "An employe shall be ineligible for compensation for any week … [i]n which he is engaged in self-employment[.]" 43 P.S. §802(h).

Also, you need to ensure that you are completing your work search requirements.

Jordan:  You're due to file again on 01/05/2020.

[Claimant]:  Ok thank you.

C.R. 60; Reproduced Record at 4a (R.R. __).  Claimant testified that he contacted the Department again via the LiveChat system on February 4, 2020, because he still had not received a notice of determination.  He had the following exchange with a representative named Angela:

[Claimant]:  I am checking on my claim I signed up in October and still have not heard anything.

Angela:  You should have received the determination that was mailed 12/9, you did not receive it?

[Claimant]: No I did not receive it.

Angela:  You were found ineligible for benefits.

[Claimant]:  Can you tell me why?

[Claimant]:  Can you email me the paperwork?

Angela:  We can't email, I can reprint and mail.

[Claimant]:  [A]lso I had a chat on Dec 23, 2019 and they did not say anything about the determination.

C.R. 61; R.R. 5a.  Angela then explained to Claimant that the UC Service Center had determined he was ineligible for benefits under Section 402(h) of the Law.  At Claimant's request, Angela agreed to reprint the notice of determination and mail it to Claimant's address at 15 Catherine Street, Barnesville, PA, 18214.  Angela further advised Claimant to file an appeal, which he did on February 4, 2020.

The Referee dismissed Claimant's appeal as untimely under Section 501(e) of the Law because it was not filed within 15 days of the mailing date of the notice of determination. Claimant appealed to the Board, which affirmed the Referee's decision. The Board adopted the Referee's findings and conclusions and, additionally, discredited Claimant's testimony that he did not receive the December 10, 2019, notice of determination until February 2020. The Board rejected Claimant's argument that UC representative Jordan should have informed Claimant during the LiveChat session on December 23, 2019, that a notice of determination had been mailed to him. The Board noted that Jordan did inform Claimant he would receive a determination in the mail, which was accurate information. Claimant now petitions for this Court's review.

On appeal,[4] Claimant argues that the Board erred in holding that he was not entitled to appeal the UC Service Center's determination *nunc pro tunc*. Claimant contends that he established a breakdown in the administrative process because UC representative Jordan provided him with incorrect information during the December 23, 2019, LiveChat session. More specifically, Jordan informed Claimant that his claim was "undergoing an adjudication process," C.R. 60; R.R. 4a, thereby implying the adjudication process had not been completed, even though the UC Service Center had issued a notice of determination 13 days earlier on December 10, 2019. Jordan learned during their chat that Claimant did not receive the notice, but he did not alert Claimant that the UC Service Center had already decided to deny his application. Nor did he alert Claimant to the deadline, three days later, for

---

[4] Our review determines whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Carney v. Unemployment Compensation Board of Review*, 181 A.3d 1286, 1287 n.2 (Pa. Cmwlth. 2018).

appealing that decision. Instead, Jordan provided Claimant with misdirection. Claimant argues that this conversation, coupled with the fact that he did not receive a timely copy of the notice of determination, entitled him to *nunc pro tunc* relief.

The Board counters that Claimant did not prove good cause for his late appeal. The Board observes that Jordan gave Claimant accurate information about the process, *i.e.*, that he would receive a determination at the conclusion of the adjudicatory process and would then have 15 days to file an appeal. Claimant's evidence did not establish that Jordan knew that a notice of determination had already been mailed to Claimant or that Claimant had not received it. The Board also points out that it expressly discredited Claimant's testimony that he did not receive the December 10, 2019, notice of determination until February 2020. The mailing date on the notice is corroborated by the Department's records and, thus, there is a presumption that it was mailed to and received by Claimant in due course.

Section 501(e) of the Law requires a claimant to appeal a notice of determination within 15 calendar days of the date the "notice was delivered to him personally, or was mailed to his last known post office address[.]" 43 P.S. §821(e). "Failure to file a timely appeal as required by Section 501(e) of the Law is a jurisdictional defect." *Carney v. Unemployment Compensation Board of Review*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018). "The time limit for a statutory appeal is mandatory; it may not be extended as a matter of grace or indulgence." *Id.* In limited circumstances, however, the Board may consider an untimely appeal *nunc pro tunc*. To justify an exception to the appeal deadline, "[a claimant] must demonstrate that his delay resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances relating to [the claimant] himself." *Id.* "[N]egligence on the part of an administrative official may

be deemed the equivalent of fraud." *ATM Corporation of America v. Unemployment Compensation Board of Review*, 892 A.2d 859, 864 n.11 (Pa. Cmwlth. 2006) (citation omitted).

Here, Claimant argues that he should have been permitted to appeal the UC Service Center's notice of determination *nunc pro tunc* because a breakdown in the administrative process occurred. Claimant asserts that he was never timely served with the December 10, 2019, notice of determination. He further contends that Jordan gave him inaccurate information during the December 23, 2019, LiveChat session. Claimant analogizes his case to *ATM Corporation of America*, 892 A.2d 859, which he argues is factually similar.

In *ATM Corporation of America*, the claimant called the UC service center on March 14, 2005, to report that she was still unemployed, as is required for one seeking benefits. A UC representative asked the claimant if she had received a notice denying her claim that had been mailed March 7. When the claimant answered in the negative, the representative told her another copy would be sent. One week later, when she still had not received the promised notice, the claimant called the service center again. The notice was sent that day, and the claimant received it late in the afternoon of March 22, 2005, which was the date of the appeal deadline. The claimant called the service center, and a representative advised her that if she mailed her appeal the next day, noting the date and time she received the notice, it would be accepted. The referee and the Board held that the appeal was timely. The employer appealed, challenging the Board's finding that the claimant had received the notice denying her claim on March 22. The employer argued that the Board's finding was not based upon substantial evidence because the notice itself indicated that it was mailed March 7 and was not returned to the service center as

6

undeliverable. The employer further argued that the claimant's "self-serving statement that she did not receive the notice" was inadequate to justify her late appeal. *Id*. at 864.

On review, this Court affirmed the Board's holding that the claimant's appeal was timely. Crucial to that decision was the fact that the claimant's testimony about her conversations with the UC representatives was confirmed by the phone logs and correspondence file of the UC service center. The evidence established, first, that the service center did not send the promised notice of determination until after the claimant called a second time. Second, the claimant was counseled by a UC representative to file her appeal one day after the deadline stated on the notice. The Board found, as fact, that the claimant did not receive the first notice by crediting the claimant's testimony, which was corroborated by the service center's records.

*ATM Corporation of America* is factually similar but distinguishable. Here, as in that case, Claimant was counseled to appeal by a UC representative, Angela, and he did so. Likewise, Claimant's testimony about his conversations with the UC representatives was confirmed by the records of the UC service center, *i.e.*, the LiveChat transcripts. However, in *ATM Corporation of America*, the Board credited the claimant's testimony that she did not receive the notice until the day of the appeal. Here, by contrast, the Board did not credit Claimant's testimony that he did not receive the December 10, 2019, notice of determination until February 2020.

In challenging the Board's decision, Claimant focuses on the substance of his conversation with Jordan, which Claimant characterizes as misdirection. Instead of responding to Claimant's specific request for an update on his claim, Jordan gave Claimant a primer on the law and applicable procedures. Jordan appears to have checked Claimant's file in the course of their conversation because he

advised Claimant "to file again on 01/05/20." C.R. 60; R.R. 4a. It is difficult to believe that Jordan did not know the status of Claimant's claim when he informed Claimant that "[y]our claim is undergoing an adjudication process[.]" *Id.* Nevertheless, the Board asserts that it was Claimant's burden to prove that Jordan knew that Claimant's application had been denied when they spoke in order to prove an administrative breakdown.

The dispositive issue is whether the evidence supports the Board's finding that Claimant received a timely notice of determination. In support of that finding, the Board emphasizes that where a notice of determination is mailed to a claimant's last known address and not returned by postal authorities as undeliverable, the claimant is presumed to have received it. *Mihelic v. Unemployment Compensation Board of Review*, 399 A.2d 825, 827 (Pa. Cmwlth. 1979). Here, the notice states that it was mailed December 10, 2019, to Claimant's correct mailing address at 15 Catherine Street, Barnesville, PA, 18214. C.R. 21. The Board posits that the mailing date is corroborated by the claim record. *See Douglas v. Unemployment Compensation Board of Review*, 151 A.3d 1188, 1192 (Pa. Cmwlth. 2016) ("[T]he presumption of receipt is 'inapplicable' in the absence of proof that the notice was mailed. '[U]ntil there is proof that a letter was mailed, there can be no presumption that it was received.'") (citations omitted). The Board argues that Claimant failed to rebut the presumption of receipt. We disagree.

Beginning with the mailing date, the Board cites as corroborating evidence the first item in the certified record, which is a printout of the UC Service Center's record for Claimant's claim. This document does not, as the Board asserts, indicate that the notice was mailed to Claimant on December 10, 2019. On the first page of the claim record under "General Annotations" there is an entry for "191209,"

8

or December 9, 2019, that states: "DET=CLT INELIG CORPORATE OFFICER, THE CLAIMANT MUST EARN 6X TO BE ELIG FOR BENEFITS." C.R. 3. Presumably, the abbreviation "DET" means "Determination," and "CLT INELIG CORPORATE OFFICER" means that the UC Service Center determined Claimant was ineligible for benefits under Section 402(h) because he was a corporate officer of the separating employer. There is no annotation indicating that the determination was mailed on "191210," or December 10, 2019. Similarly, on the third page of the claim record, under the heading "Determinations and Appeals," there is an entry for "191209" indicating that the determination was made that Claimant is an "INELIG CORP OFFICER[.]" C.R. 5. There is no entry in the claim record indicating that a notice of determination was mailed on December 10, 2019.

We also reject the Board's argument that Claimant failed to rebut the presumption that he received the notice of determination. The Board emphasizes that it discredited Claimant's testimony that he did not receive the notice on time, and that this Court is bound by that finding. *See Serrano v. Unemployment Compensation Board of Review*, 149 A.3d 435, 439 (Pa. Cmwlth. 2016) (quoting *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1381, 1388 (Pa. 1985) ("Questions of credibility and the resolution of evidentiary conflicts are within the sound discretion of the Board, and are not subject to re-evaluation on judicial review.")). In this case, however, the Board's credibility determination is an insufficient basis for denying *nunc pro tunc* relief. This is not a case where the claimant made an after-the-fact assertion that he did not receive a notice of determination. Claimant's act of initiating the LiveChat session with Jordan and asking whether there was "[a]ny update on my claim?," C.R. 60, R.R. 4a, is itself

evidence that he had not received the notice because, if he had, there would have been no reason for Claimant to contact the UC Service Center.

In sum, the Board's finding that Claimant received the December 10, 2019, notice of determination on time is not supported by substantial evidence. Claimant's act of contacting the UC Service Center for an update on his claim rebutted the presumption of receipt and was evidence that he did not receive the notice. In sum, Claimant demonstrated a breakdown in the administrative process.

Accordingly, we reverse the Board's adjudication and remand for a determination on the merits of Claimant's claim for benefits.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Bashinsky,  
          Petitioner  

      v.                      :   No. 485 C.D. 2020  

Unemployment Compensation Board  
of Review,  
          Respondent  

## **O R D E R**

AND NOW this 24th day of February, 2021, the adjudication of the Unemployment Compensation Board of Review dated April 24, 2020, is REVERSED, and the above-captioned matter is REMANDED for a determination on the merits of Petitioner's claim for unemployment compensation benefits.

Jurisdiction relinquished.

_____  
MARY HANNAH LEAVITT, President Judge