IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Education,           :
                    Petitioner    :
                                   :   No.  993 C.D. 2021
          v.                       :
                                   :   Submitted:  August 19, 2022
Unemployment Compensation          :
Board of Review,                   :
                    Respondent     :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: August 18, 2023


The Pennsylvania Department of Education (Employer) petitions for review of the August 13, 2021 order of the Unemployment Compensation Board of Review (Board), which affirmed the decision of the referee finding Christina L. Baumer (Claimant) eligible for unemployment compensation (UC) benefits. Upon review, we affirm.

Claimant was terminated from her employment with Employer as Division Chief of Professional Education and Teacher Quality for: (1) falsification of an official record by omission; (2) failure to follow absence program; (3) failure to follow policy; and (4) failure to follow instructions. (Reproduced Record (R.R.) at 25a.) On March 15, 2020, Claimant filed an application for benefits which was denied by the UC service center on July 31, 2020. (R.R. at 12a, 44a.) On August 10, 2020,

Claimant filed an appeal from the UC service center's notice of determination. (R.R. at 56a.) On September 30, 2020, two notices of hearing were mailed to Employer. (R.R. at 83a.) One notice was mailed to an incorrect address that appeared on the first page of the notice, 333 Market Street, Harrisburg, PA 17126 (Employer's attorney's office, the address was missing the last four digits of the zip code and the floor number). Another notice was mailed to the correct address that appeared on the last page (page four) of the notice under "additional interested parties and representatives," 613 North Street, Suite 508, Harrisburg, PA 17120-0400 (Employer's office).

The hearing was scheduled for October 14, 2020, at 1:30 p.m. (R.R. at 83a.) After the hearing at which Claimant was the only party to appear, the referee issued a decision finding Claimant eligible for benefits. (R.R. at 88a-97a, 114a-18a.)

Employer appealed to the Board on March 25, 2021, explaining that the reason Employer missed the hearing was because it did not receive the properly addressed notice of hearing until October 15, 2020, which was one day after the hearing. The Board ordered a remand hearing "to receive evidence on [] [E]mployer's reason for its nonappearance at the previous hearing," as well as to receive additional testimony and evidence on the merits of the matter. (R.R. at 120a-27a, 151a-52a.) In a memorandum accompanying the Board's March 25, 2021 remand order, the Board advised, "[E]mployer should enter into the record the original envelope containing the notice of hearing and testimony of an individual with firsthand knowledge of its receipt." (R.R. at 149a.)

At the remand hearing held on May 4, 2021, Claimant, Employer, Trudy Brunot, Employer's human resources analyst, and Barbara Forbes-Rhouni, the Clerk Typist for the referee, appeared. Employer argued that the notice of hearing dated September 30, 2020, was mailed to the incorrect address, 333 Market Street,

Harrisburg, PA 17126, and that the same notice mailed to the correct address, 613 North Street, Suite 508, Harrisburg, PA 17120-0400, was received one day late. Employer presented one witness who testified how Employer processes mail and regarding Claimant's employment and the merits of Claimant's UC claim.

Trudy Brunot testified that she received the hearing notice after the hearing date, on October 15, 2020. (R.R. at 210a.) She also testified that she received the notice from another employee, Julia Patton, who was "going in once a week to scan the mail." (R.R. at 211a.) Employer presented a scanned copy of the envelope; however, the postage meter mark was not fully copied, so the mailing date was not visible. (R.R. at 103a.)

Ms. Forbes-Rhouni testified as to the referee's standard procedures for generating and mailing hearing notices. The employee who mailed the notice in question was on leave on the day of the remand hearing. (R.R. at 213a-14a.) The clerk testified that currently hearings were being scheduled "three weeks out because of the mail sometimes being slow in certain areas." (R.R. at 214a.) However, she did not remember when that started. (R.R. at 214a.) Ms. Forbes-Rhouni was presented with a copy of the notice. (R.R. at 215a.) She testified that the notice "should have gone to both" addresses, one on the front of the notice (333 Market Street) and one on the last page of the appeal (613 North Street), listed as additional parties. (R.R. at 216a.)

On cross-examination, Ms. Forbes-Rhouni acknowledged that "the extent of [] interaction with the mailroom is [that clerks] get all [the] mail ready to go. It has to go by a certain time to go out that day, and then [clerks] take it to the mailroom and then from that point, [clerks] give it to them. I don't know exactly if it goes out from this building, or it goes to another facility." (R.R. at 217a.) The clerk also stated "[they] were getting a lot of complaints that people were getting their mail days or possibly a

3

week after the fact of the hearing or within like, you know, a day or two. [T]here was a real backlog in the fall with the mail." (R.R. at 219a.) Finally, Ms. Forbes-Rhouni concluded "[e]verybody that's on the [n]otice of [h]earing would get the documents." (R.R. at 220a.) Employer did not offer the original envelope which would have showed the postage meter mark as suggested by the Board. (R.R. at 209a-11a, 149a.)

On August 13, 2021, the Board issued an order affirming the referee's decision and concluding that Employer did not establish proper cause for its nonappearance. (R.R. at 269a-70a.) The Board adopted the referee's findings of fact and legal conclusions and did not credit Employer's testimony that it did not receive the hearing notice. Employer petitioned for this Court's review.

On appeal,[1] Employer argues that the referee and Board erred. It contends that the Board capriciously disregarded the evidence it presented at the remand hearing. We disagree.

A capricious disregard of evidence occurs where the factfinder willfully and deliberately disregards competent and relevant evidence that one of ordinary intelligence could not possibly have avoided in reaching a result. *Spencer v. City of Reading Charter Board*, 97 A.3d 834, 842 (Pa. Cmwlth. 2014). The Pennsylvania Supreme Court has explained that review for capricious disregard of competent evidence is an "appropriate component of appellate consideration in every case in which such question is properly before the court." *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 812 A.2d 478, 487 (Pa. 2002). In *Wintermyer*, the Supreme Court noted that where there is substantial evidence to

---

[1] In unemployment compensation appeals, this Court determines whether constitutional rights were violated, an error of law was committed, or findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 525 A.2d 841, 844-45 (Pa. Cmwlth. 1987).

4

support the agency's factual findings and those findings support the legal conclusions, "it should remain a rare instance in which an appellate court would disturb an adjudication based upon capricious disregard." *Id*. at 487 n.14.

Disturbing an agency's adjudication for a capricious disregard of evidence is appropriate only where the factfinder has refused to resolve conflicts in the evidence, has not made essential credibility determinations, or has completely ignored overwhelming evidence without comment. *Hinkle v. City of Philadelphia*, 881 A.2d 22, 27 (Pa. Cmwlth. 2005). In *Hinkle*, this Court, citing *Wintermyer*, explained:

> "Capricious disregard" then is just another name for the agency abusing its discretion and is an error of law when the agency fails to give an indication that it has examined countervailing substantive testimony that had to be considered at arriving at its decision.
>
> The capricious disregard standard then is nothing more than a shorthand way of referring to an amalgam of existing overlapping legal and constitutional standards mentioned above that safeguard against arbitrariness by state and local administrative agencies by requiring a meaningful explanation of why the losing party's overwhelming evidence was not accepted.

*Id*. (footnote omitted). An appellate court conducting a review for capricious disregard of material, competent evidence may not reweigh the evidence or make credibility determinations. *Wintermyer*, 812 A.2d at 487-88.

Applying the above principles to the case *sub judice*, we conclude that the Board did not capriciously disregard competent and relevant evidence. At the remand hearing, Employer admitted that it received the correctly addressed hearing notice. Because Employer received the notice of hearing, the Board correctly applied the presumption under the "mailbox rule" that Employer timely received the notice.

5

*Douglas v. Unemployment Compensation Board of Review*, 151 A.3d 1188, 1191 (Pa. Cmwlth. 2016). The burden then shifted to Employer to rebut the presumption of timely receipt of the Notice. *Id.* at 1193.

In an attempt to rebut the presumption that it received the notice of hearing, Employer presented evidence of general delays in the postal service around the time the hearing notices were sent; however, the Board rejected its evidence of non-receipt as not credible. The Board explained that Employer "admitted that only one person visited the office to scan mail one day per week. If mail is checked every Thursday, the notice could have been delivered as early as six days before the hearing but not processed." (Board Decision, 8/13/21, at 2.) The Board also noted that Employer "did not provide the original envelope requested" so that it could ascertain the mailing date, so "[E]mployer has not sufficiently rebutted the presumption of regularity that the notice was mailed as stated on September 30, 2020." *Id.* Consequently, the Board explained that although it could find that Employer processed the notice of hearing after the hearing, the Board could not find that the notice was received after the hearing. *Id.*

It is clear that the Board's conclusion was not based upon a capricious disregard of Employer's evidence. Accordingly, we conclude that the Board properly dismissed Employer's appeal as untimely. The Board's adjudication is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Education,               :
                    Petitioner        :
                                      :   No.   993 C.D. 2021
        v.                            :
                                      :
Unemployment Compensation             :
Board of Review,                      :
                    Respondent        :

## *ORDER*

AND NOW, this 18th day of  August, 2023, the August 13, 2021 order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge