IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wanda K. Mixell and Property  :
Owner,                        :
                              :
            Appellant         :
                              :
    v.                        : No. 1243 C.D. 2022
                              : Submitted: February 6, 2024
Cumberland County Board of    :
Assessment Appeals            :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION BY JUDGE WOJCIK                      FILED:  March 20, 2024


          Wanda K. Mixell (Taxpayer) appeals from the order of the Cumberland

County Court of Common Pleas (trial court), dated October 6, 2022, that sustained

the demurrer of the Cumberland County Board of Assessment Appeals (Board) and

dismissed her appeal on the basis that she abandoned her right to be heard on the

merits of her appeal by failing to attend the Board hearing.  Taxpayer contends that

the trial court erred, abused its discretion, and violated her constitutional rights by

dismissing her appeal based on the application of the mailbox rule.  For the reasons

that follow, we vacate and remand.

          Taxpayer is the owner of property identified as Parcel No. 15-07-0483-

044, located in Cumberland County, Pennsylvania (Property), which received

preferential tax status under the Pennsylvania Farmland and Forest Land Assessment

Act of 1974 (Clean and Green Act),[1] in a land conservation program commonly known as "Clean and Green." Following the division and sale of part of Taxpayer's Property in December 2021, the Cumberland County Tax Assessment Office terminated the Clean and Green status of both parcels, which triggered roll-back taxes on the entire Property in the amount of $38,072.50.

On March 15, 2022, Taxpayer filed an assessment appeal with the Board seeking the restoration of the Property's Clean and Green status. The Board scheduled a hearing for July 14, 2022, which Taxpayer did not attend. *See* Reproduced Record (R.R.) at 14a. The next day, the Board issued a decision notice denying Taxpayer's appeal on the basis that she abandoned her appeal by failing to attend the hearing pursuant to Section 8844(e)(1) of the Consolidated County Assessment Law (CCAL), 53 Pa. C.S. §8844(e)(1). *Id*. at 16a. The notice advised that the decision may be appealed to the trial court within 30 days. *Id*.

On August 15, 2022, Taxpayer filed a timely appeal with the trial court, in which she asserted that she "was unable to attend the scheduled hearing." R.R. at 3a. In response, the Board filed a Preliminary Objection (PO) in the nature of demurrer, which it amended, on the basis that Taxpayer had abandoned her right of appeal by failing to attend the hearing. The Board attached to its PO the hearing notices and decision notice. The hearing notices, dated June 8, 2022, advised that the hearing was scheduled for July 14, 2022. The Board also filed a brief in support. The Board asserted that Taxpayer's failure to appear at the Board hearing constituted an abandonment of her appeal from the Clean and Green revocation warranting dismissal of her trial court appeal.

---

[1] Act of December 19, 1974, P.L. 973, *as amended*, 72 P.S. §§5490.1-5490.13.

On September 22, 2022, the trial court issued an order directing Taxpayer to answer the PO and file a brief in support. On October 4, 2022, Taxpayer filed an Answer and New Matter and brief in support. In the Answer, Taxpayer admitted all averments in the PO. She asserted that her failure to appear for the Board hearing only had the effect of preventing her from proceeding further with an appeal to the Board and did not prevent her from filing an appeal with the trial court. Answer and New Matter, ¶¶17-18. In the New Matter and brief in support, she alleged that she never received a copy of the Board's hearing scheduling notices. *Id.*, ¶30; see R.R. at 36a, 38a-39a. By order dated October 6, 2022, the trial court sustained the Board's demurrer.[2] Taxpayer now appeals to this Court.[3]

In response to Taxpayer's Concise Statement of Errors Complained of on Appeal, the trial court issued a Pa.R.A.P. 1925(a) Opinion in support of its order. Therein, the trial court found that the Board mailed hearing notices on June 8, 2022, to Taxpayer at two addresses on file in accordance with the CCAL and the "Rules and Regulations Governing Real Estate Assessment and Appeals Before the Board of Assessment Appeals in and for Cumberland County, Pennsylvania" (Local Rules). Specifically, Local Rule 5.02 provides that "[t]he Board shall serve the appellant or appellants and all other interested parties with at least twenty (20) days written notice of each appeal hearing," and that written notice "will be mailed to the

---

[2] Notwithstanding, on October 25, 2022, the Board filed a PO to Taxpayer's New Matter and brief in support, asserting the Answer and New Matter failed to conform to law or rule of court pursuant to Pa.R.Civ.P. 1028(a)(2) for failure to assert any affirmative defenses. *See* Original Record, at 62.

[3] Our review of a trial court's order sustaining POs and dismissing an appeal is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Dixon v. Cameron County School District*, 802 A.2d 696, 699 n.3 (Pa. Cmwlth. 2002). A PO in the nature of a demurrer presents a question of law; thus, our standard of review is *de novo,* and our scope of review is plenary. *Martel v. Allegheny County*, 216 A.3d 1165, 1171 n.11 (Pa. Cmwlth. 2019).

address of record . . . ." Trial Court 1925(a) Opinion, 12/30/22, at 10-11. The trial court noted that Taxpayer originally stated she was unable to attend the hearing. *Id.* at 10. The Board sent the hearing notices to the same address where Taxpayer previously received notice of the roll-back taxes. *Id.* Although Taxpayer later asserted that she never received a hearing notice, the trial court rejected her argument that she did not receive notice of the hearing as "without merit." *Id.* The trial court found that Taxpayer waived her right to challenge the Board's PO as improper, having failed to raise an objection to the procedure in her reply and any defect in the proceedings did not affect her rights. *Id.* at 16.

Ultimately, the trial court concluded that Taxpayer received notice of the Board hearing based on the mailbox rule. Having failed to attend the Board's hearing, Taxpayer abandoned her assessment appeal before the Board. The trial court further concluded that Taxpayer had the right to appeal the Board's determination, which she fully exercised. Therefore, her right to an appeal was not violated.

In her appeal, Taxpayer argues that the trial court erred, abused its discretion, and/or violated her constitutional rights by sustaining the Board's demurrer and dismissing her appeal based on the application of the mailbox rule. Although Taxpayer did not attend the Board hearing, she challenged whether the notices were mailed and denied receipt of the same. Taxpayer pointed out that the notices themselves contained no statement indicating that they were mailed, and the Board offered no other evidence in support of mailing. She contends that the trial court compounded this error when it found that she had no valid right of appeal to the trial court from the Board's decision when Sections 8844(e) and 8854(a)(1) of the CCAL, 53 Pa. C.S. §§8844(e) and 8854(a)(1), and article V, section 9 of the

4

Pennsylvania Constitution, Pa. Const. art. V, §9, specifically grant the right of appeal.

To begin, Pennsylvania Rule of Civil Procedure 1028(a)(4) provides that POs may be filed in the nature of a demurrer for legal insufficiency. Pa.R.Civ.P. 1028(a)(4). In ruling on POs, the courts are "required to accept as true the well-pled averments set forth in the . . . complaint, and all inferences reasonably deducible therefrom." *Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation and Natural Resources*, 909 A.2d 413 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007). However, the courts are not required to "accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*. To sustain POs, "it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the [POs] should be sustained, the doubt must be resolved in favor of overruling the [POs]." *Id*. Where upholding a determination sustaining POs results in dismissal of the cause of action, we may do so only in cases that are clear and free from doubt. *Bower v. Bower*, 611 A.2d 181, 182 (Pa. 1992).

The Clean and Green Act fosters conservation by providing lower tax rates to land devoted to farming and forestry. *Feick v. Berks County Board of Assessment Appeals*, 720 A.2d 504, 505 (Pa. Cmwlth. 1998). Land comprised of 10 or more contiguous acres reserved for farming or forestry is eligible for preferential tax treatment. Section 3(a)(3) of the Clean and Green Act, 72 P.S. §5490.3(a)(3).

Under Section 6 of the Clean and Green Act, the division and conveyance of a portion of land subject to preferential assessment exposes the entire tract to roll-back taxes. 72 P.S. §5490.6. Under Section 9(a) of the Clean and Green Act, "[t]he owner of a property which is subject to preferential assessment or for

5

which preferential assessment is sought . . . shall have the right of appeal in accordance with existing law." 72 P.S. §5490.9(a).

In accordance with Section 8844(a) of the CCAL, the county assessment office "shall mail to each record property owner" at the last known address notice stating the mailing date, property location, parcel identifier, effective date, established predetermined ratio, base-year value, old assessment, and new assessment. 53 Pa. C.S. §8844(a). "The notice shall be mailed within five days from the date the county assessment office makes the change or addition to its official records." 53 Pa. C.S. §8844(b). "The notice shall state that any persons aggrieved by the assessment and the affected taxing districts may file an appeal to the board within 40 days of the date of the notice." *Id.*

"Any person aggrieved by any assessment . . . may appeal to the board for relief." 53 Pa. C.S. §8844(c)(1). When an appeal is filed,

> the board shall notify the appellant, property owner and each affected taxing district of the time and place of the hearing. Each party attending the hearing shall have the right to examine any witness. *The notice shall be mailed to the appellant at the address designated in the appeal. Notices required by this section shall be mailed no later than 20 days preceding the appeal. Any appellant who fails to appear for the hearing at the time fixed shall be conclusively presumed to have abandoned the appeal unless the hearing date is rescheduled by the mutual consent of the appellant and the board.*

53 Pa. C.S. §8844(e)(1) (emphasis added). An appellant shall have the right to appeal the Board's decision to the trial court. 53 Pa. C.S. §8854(a)(1).

"Under the mailbox rule, proof of mailing raises a rebuttable presumption that the mailed item was received." *Department of Transportation, Bureau of Driver Licensing v. Grasse*, 606 A.2d 544, 545 (Pa. Cmwlth. 1991). For

6

the mailbox rule to apply, "there must be some evidence . . . that the notice was mailed . . . ." *Douglas v. Unemployment Compensation Review Board*, 151 A.3d 1188, 1192 (Pa. Cmwlth. 2016). "[U]ntil there is proof that a letter was mailed, there can be no presumption that it was received." *Id.* (citation and quotation omitted).

The presumption under the mailbox rule, once established, may be rebutted. *Grasse*, 606 A.2d at 545. However, "the presumption . . . is not nullified solely by testimony denying receipt of the item mailed." *Id.*

To illustrate application of the mailbox rule, we briefly examine four cases. In *Douglas*, this Court determined substantial evidence produced at the hearing did not support application of the mailbox rule. 151 A.3d at 1193. The claimant contended that the notice was not mailed and that she did not receive the notice. The only evidence offered was the notice itself, which bore a "mailed date." *Id.* We noted that "[t]he 'mailed date' was part of the information included in the notice itself at the time the notice was prepared. There [was] no subsequent notation in the file indicating that the notice was, in fact, mailed." *Id.* Thus, we concluded that, "[w]ithout proof of mailing or the presumption of regularity to establish that the notice was mailed, the presumption of receipt—*i.e.*, the mailbox rule—cannot be applied." *Id.* Thus, we vacated the order and remanded for further proceedings. *Id.*

Similarly, in *Commonwealth v. Thomas*, 814 A.2d 754, 760 (Pa. Super. 2002),[4] the Superior Court rejected application of the mailbox rule based on the evidence presented. The Superior Court concluded that the Commonwealth failed to meet the evidentiary threshold necessary for application of the mailbox rule's presumption of receipt. *Id.* at 759. The Superior Court explained that the

---

[4] In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

7

"Commonwealth, as the party which sought to invoke the mailbox rule presumption . . . had the burden of proof to show that the notice was in fact mailed or that it had been prepared and placed in the regular place of mailing." *Id*. at 760. The Court noted that the Commonwealth presented only "circumstantial evidence" suggesting that the notice had been mailed, but it did not establish proof of the same. *Id*. The Commonwealth's evidence consisted of an employee's testimony regarding the general practice for the preparation and mailing of summary appeal hearing notices but did not offer any testimony regarding mailing the specific hearing notice at issue. *Id*. at 759. The employee acknowledged "that there was no official record kept of any of the notices . . . prepared and given to the tipstaff for delivery to the mailroom on" the day the notice was allegedly prepared. *Id*. There was no evidence, such as postal records or logs, that "showed that this notice was in fact mailed . . . or that this notice had been prepared and taken to the regular place of mailing." *Id*. at 760. Although the notice itself was dated, there were no markings indicating that the original had been mailed. *Id*. at 756. The Superior Court held that "[m]erely producing an un-timestamped copy of a hearing notice . . . and offering generic testimony as to the standard mailing procedures for summary appeal hearing notices . . . was insufficient." *Id*. at 760. Upon determining that the mailbox rule's presumption of receipt was not triggered, the Superior Court reversed and remanded the matter for a *de novo* trial. *Id*. at 761-62.

Conversely, in *Grasse*, the evidence that was presented warranted the application of the mailbox rule. 606 A.2d at 546. "The trial court admitted into evidence [the licensee's] certified driving record which included a document showing [when] the notice of the special driver's examination was mailed to [the licensee]" and "a document showing [when the] official notice of suspension was

8

mailed." *Id*. This Court determined that these documents supported the presumption of receipt under the mailbox rule. *Id*. Although the licensee denied receipt of the notices, he offered no evidence in support. *Id*.

Similarly, in *Breza v. Don Farr Moving & Storage Co.*, 828 A.2d 1131, 1136 (Pa. Super. 2003), the Superior Court affirmed a judgment entered against an appellant in absentia after the trial court determined that the mailbox rule presumption applied. The trial court relied on a local rule specifying that first-class mailing of a copy of the complaint operated as service and proof of service as required. *Id*. at 1134-35. The docket entries established the date that the complaint was mailed. *Id*. at 1135. There were no docket entries indicating that the complaint had been returned. *Id*. Such proof supported a determination that the rebuttable presumption that the item mailed was received. *Id*. The appellant's mere assertion of non-receipt, without corroboration, was insufficient to overcome the presumption. *Id*.

Here, the trial court did not conduct any form of evidentiary hearing or factfinding proceeding. Rather, the trial court dismissed Taxpayer's appeal on a PO upon determining that the mailbox rule applied even though Taxpayer disputed that the notices were mailed and that she received them. The only evidence offered in support of mailing was a copy of the scheduling notices attached to the PO. Although the notices are dated June 8, 2022, they bear no indication that they were mailed. *See* R.R. at 13a-14a. The Board did not offer docket entries or testimony supporting that the notices were placed in the regular place of mailing. *See Douglas*, 151 A.3d at 1193 (holding that the "mailed date" on the notice, in and of itself, without more was insufficient to establish proof of mailing in the face of a challenge). Even assuming that the hearing notices themselves could constitute

9

proof of mailing under local rule, *see Breza*, the trial court did not afford Taxpayer an opportunity to rebut the presumption of receipt. Although Taxpayer initially stated she was unable to attend the hearing, she pled in her New Matter and asserted in her brief that she never received the hearing notice. The trial court simply rejected Taxpayer's argument and granted the PO without affording Taxpayer the opportunity to adduce evidence to corroborate her allegation of non-receipt. In so doing, the trial court erred and abused its discretion.

Accordingly, we vacate the trial court's order sustaining the Board's PO and remand the matter to the trial court for a hearing on the mailbox rule.[5]

_____

MICHAEL H. WOJCIK, Judge

---

[5] The trial court may proceed on the underlying merits of the roll-back assessment if the mailbox rule is either not established or if it is successfully rebutted.

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wanda K. Mixell and Property      :
Owner,                          :
                                   :
                Appellant      :
                                   :
           v.                 : No. 1243 C.D. 2022
                                   :
Cumberland County Board of        :
Assessment Appeals             :

# **O R D E R**

AND NOW, this 20th day of <u>March</u>, 2024, the order of the Cumberland County Court of Common Pleas (trial court), dated October 6, 2022, is VACATED, and this matter is REMANDED to the trial court for further proceedings in accordance with the foregoing memorandum opinion.

Jurisdiction is relinquished.

_____
MICHAEL H. WOJCIK, Judge