# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard L. Peters,                              :
                                                :
                    Petitioner                  :
                                                :
          v.                                    :  Nos. 1874 & 1875 C.D. 2016
                                                :  Submitted: May 12, 2017
Unemployment Compensation                       :
Board of Review,                                :
                                                :
                    Respondent                  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                         **FILED:  July 31, 2017**


         In these consolidated matters, Richard L. Peters (Claimant) petitions this Court for review of two orders of the Unemployment Compensation Board of Review (Board) dismissing as untimely Claimant's 2016 appeals from orders issued by a referee in 2011.  We affirm.

         Claimant filed an application for benefits under the Unemployment Compensation Law[1] in August 2009, and received unemployment compensation benefits for more than five months.  (Record Item (R. Item) 1, Claim Record, Reproduced Record (R.R.) at 7a-9a; R. Item 9, 9/15/16 Hearing Transcript (H.T.)

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

at 8, R.R. at 145a.) On December 7, 2010 and December 28, 2010, the Department of Labor & Industry (Department) issued determinations that Claimant was ineligible for benefits that he had received from September 5, 2009 through February 6, 2010. (R. Item 1, Claim Record, R.R. at 10a; R. Item 9, 9/15/16 H.T. at 8, R.R. at 145a.) These determinations also assessed fault overpayments of $10,905 and $524 under Section 804(a) of the Unemployment Compensation Law, 43 P.S. § 874(a),[2] for those benefits, a fraud overpayment of $525 with respect to additional federal benefits that Claimant received, and penalty weeks under Section 801(b) of the Unemployment Compensation Law, 43 P.S. § 871(b). (R. Item 1, Claim Record, R.R. at 10a.) Section 501(e) of the Unemployment Compensation Law requires that appeals from such determinations be filed with 15 days. 43 P.S. § 821(e). Claimant filed two appeals from these determinations on July 22, 2011, over six months after they were issued. (R. Item 1, Claim Record, R.R. at 10a; R. Item 11, Claimant Exs. 1, 2, R.R. at 194a, 195a.)

On October 21, 2011 and December 1, 2011, before the referee's hearing in those appeals, Claimant sent a letter and email to the Department stating that he would withdraw both appeals provided that he was not required to repay the benefits that he had received. (R. Item 11, Claimant Exs. 3, 6, R.R. at 196a-198a,

---

[2] Section 804(a) provides that "[a]ny person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay … a sum equal to the amount so received by him and interest." 43 P.S. § 874(a). The Department is entitled to 9% interest on fault overpayments and can collect the fault overpayment and interest by civil action or by placing a lien on the claimant's property. *Fugh v. Unemployment Compensation Board of Review*, 153 A.3d 1169, 1173 (Pa. Cmwlth. 2017) (*en banc*). In contrast, a non-fault overpayment may be recouped from the claimant only through deduction from future unemployment compensation benefits. 43 P.S. § 874(b).

199a.) On December 2, 2011, the referee issued orders granting withdrawal of both appeals that stated:

> On December 1, 2011, the Claimant requested a withdrawal of this appeal.
>
> The Referee has reviewed the available records and finds the request proper. Therefore, in accordance with 34 PA. Code, Section 101.55, the Referee approves the request for withdrawal of appeal.
>
> ORDER: The REQUEST FOR WITHDRAWAL of appeal is hereby GRANTED and all proceedings in connection therewith are TERMINATED.

(R. Item 11, Claimant Exs. 4, 5, R.R. at 200a, 201a.) The orders further stated that the final date for any appeal to the Board was December 19, 2011. (*Id.*) Claimant received the referee's December 2, 2011 orders and filed no appeal. (R. Item 9, 9/15/16 H.T. at 8-10, R.R. at 145a-147a.)

In 2012, Claimant repeatedly received bills from the Department seeking repayment of the overpayment of benefits. (R. Item 9, 9/15/16 H.T. at 10-11, R.R. at 147a-148a; R. Item 11, 10/5/16 H.T. at 3-4 & Claimant Exs.7, 8, R.R. at 181a-182a, 202a, 203a.) On October 31, 2013, the Department notified Claimant that it intended to garnish his federal income tax return to collect the overpayment. (R. Item 11, Claimant Ex. 13, R.R. at 208a.) Claimant wrote to the Department on November 12, 2013, stating that he believed that no overpayment was owed because the orders terminating his 2011 appeals were an acceptance of his offer to withdraw the appeals if the Department would not require repayment. (R. Item 11, Claimant Ex. 14, R.R. at 209a-210a.) On December 23, 2013, the Department responded that the overpayment was legally enforceable, and in February 2014, Claimant received notification that his federal tax refund was

3

garnished. (R. Item 11, Claimant Exs. 16, 17, R.R. at 212a, 213a.) Claimant, however, did not file any appeal in 2012, 2013 or 2014. (R. Item 9, 9/15/16 H.T. at 13-15, R.R. at 150a-152a.)

On August 13, 2016, Claimant filed the instant appeals seeking to appeal to the Board the December 2, 2011 referee orders terminating his prior appeals. The Board remanded the appeals to a referee to hold a hearing as the Board's Hearing Officer on the issue of whether Claimant's appeals could be treated as timely filed. The referee held a hearing on both appeals on September 15, 2016, at which Claimant appeared by telephone and testified. At this hearing, the referee learned that Claimant had additional relevant documents that were no longer in the Department's files and therefore continued the hearing to permit Claimant to submit those documents. At that second day of hearings held October 5, 2016, Claimant's documents concerning the 2011 withdrawal of his appeal and his communications with the Department between 2012 and 2016 were introduced in evidence.

At the referee hearings, Claimant testified that he did not appeal the referee's December 2, 2011 orders when he received them because he believed that those orders had terminated his repayment obligation and that the matter was over. (R. Item 9, 9/15/16 H.T. at 8-10, R.R. at 145a-147a.) Claimant admitted, however, that in 2012 and 2013 when he called about the bills for the overpayment and tax refund garnishment, the Department told him that its records showed only a withdrawal of the appeals and did not show any agreement concerning the overpayment, and admitted that the Department told him in 2013 that he would have to seek a hearing if he wanted to remove the overpayment claim. (R. Item 9, 9/15/16 H.T. at 11, 13-15, R.R. at 148a, 150a-152a.) Claimant testified that he did

4

not appeal at that time because his friends who are attorneys told him not to do anything unless the Department took legal action against him. (*Id.* at 11, 15, R.R. at 148a, 152a.) Claimant testified that he filed the instant appeals because the Department filed a lien against him on July 12, 2016. (*Id.*; R. Item 11, Claimant Ex. 18, R.R. at 214a.)

On October 24, 2016, the Board issued orders dismissing both of Claimant's appeals as untimely. The Board found that Claimant received the December 2, 2011 orders, had notice that any appeals from those orders must be filed by December 19, 2011, and did not appeal until August 2016. (R. Item 12, Decision and Order of the Board in B-11-09-C-7132 (7132 Board Decision) Finding of Fact (F.F.) ¶¶5-10, 12; R. Item 12, Decision and Order of the Board in B-EUC-11-09-C-7133 (7133 Board Decision) F.F. ¶¶5-10, 12.) The Board found that Claimant did not appeal in 2011 because he believed that the overpayment had been reversed, but concluded that this did not establish fraud or breakdown in the administrative process or non-negligent conduct that could make his 2016 appeal timely because the December 2, 2011 orders did not state that the overpayment was reversed, Claimant made no inquiry about the overpayment before the appeal deadline, there was no evidence that the Department misled Claimant, and Claimant knew that overpayment had not been reversed more than two years before he appealed, when the Department garnished his tax refund. (R. Item 12, 7132 Board Decision at 2 & F.F. ¶¶10, 11, 13; R. Item 12, 7133 Board Decision at 2 & F.F. ¶¶10, 11, 13.) Claimant timely appealed these two orders to this Court.[3]

---

[3] Our review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether errors of law were committed and whether constitutional rights were violated. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197 n.3 (Pa. Cmwlth. 2008).

5

Claimant argues that his appeals should have been treated as timely on *nunc pro tunc* grounds because he was misled by the language of the December 2, 2011 orders. This argument is without merit.[4]

As Claimant concedes and the Board correctly held, an appeal from a referee's decision must be filed within fifteen days from the date that the referee's decision was mailed. Section 502 of the Unemployment Compensation Law, 43 P.S. § 822; *Dull v. Unemployment Compensation Board of Review*, 955 A.2d 1077, 1078 (Pa. Cmwlth. 2008); *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008). An appeal that is not filed within the time period set by the Unemployment Compensation Law cannot be considered unless the party seeking to appeal proves that the delay was due to extraordinary circumstances that can permit a *nunc pro tunc* appeal, such as a breakdown in the administrative process or non-negligent circumstances beyond the appellant's control. *Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000, 1002-03 (Pa. Cmwlth. 2010); *Dull*, 955 A.2d at 1079; *Hessou*, 942 A.2d at 197-98. "The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory." *Hessou*, 942 A.2d at 198.

Moreover, even where extraordinary circumstances are shown, a *nunc pro tunc* appeal can be granted only where the appellant files the appeal promptly.

---

[4] Claimant also contends that the Board did not consider this issue and requests alternatively that this Court remand these matters to the Board for a determination. Contrary to Claimant's contention, the Board specifically and fully considered Claimant's belief that the overpayment had been reversed and held that Claimant did not satisfy the requirements for *nunc pro tunc* appeal. (R. Item 12, 7132 Board Decision at 2 & F.F. ¶¶10, 11, 13; R. Item 12, 7133 Board Decision at 2 & F.F. ¶¶10, 11, 13.) No further determination by the Board is therefore necessary.

*Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996); *Russo*, 13 A.3d at 1003 n.3. For a late appeal to be allowed, the appellant must also establish that: (1) the appeal was filed within a short time after learning of and having an opportunity to address the need for a *nunc pro tunc* appeal; (2) the elapsed time period is of very short duration; and (3) the delay in the appeal has not caused prejudice to other parties. *Cook*, 671 A.2d at 1131; *Russo*, 13 A.3d at 1003 n.3.

Here, Claimant did not satisfy these requirements for *nunc pro tunc* appeal. Claimant admitted receiving the December 2, 2011 orders granting withdrawal of his appeals and notification of the appeal deadline in 2011. The only ground that Claimant asserted for his failure to timely appeal is that he believed that the overpayments had been reversed because of the circumstances under which the orders were entered, even though the orders did not refer to the overpayments or state that they were reversed or vacated. Even if this misunderstanding constituted extraordinary circumstances that could have excused Claimant's failure to appeal in 2011, it cannot constitute grounds for *nunc pro tunc* relief because Claimant did not appeal those orders until 2016, over four years after the appeal deadline expired, and years after he knew that the overpayments remained in effect. Claimant admitted that the Department told him in 2012 and 2013 that only his appeals were withdrawn by the 2011 orders and that the overpayments remained in effect. (R. Item 9, 9/15/16 H.T. at 11, 13-15, R.R. at 148a, 150a-152a.) In addition, the Department notified Claimant in writing in 2013 that it was garnishing his tax refund to pay the overpayments and that it rejected his contention that the overpayments were withdrawn. (R. Item 11, Claimant Exs. 13, 14, 16, R.R. at 208a, 209a-210a, 212a.) Claimant's sole reason

for failing to appeal therefore was not an extraordinary circumstance that justified his failure to appeal in 2012 or 2013 and cannot satisfy the requirement that he show that he acted promptly in seeking a *nunc pro tunc* appeal.

Indeed, *nunc pro tunc* relief is also barred because Claimant's more than four-year delay caused prejudice to the Department in defending its overpayment claim. As a result of Claimant's delay, the Department's records supporting its determinations were no longer in existence because the Department's files are routinely purged where there are no appeals or further proceedings for more than two years. (R. Item 9, 9/15/16 H.T. at 4, 10, R.R. at 141a, 147a; *see* 34 Pa. Code § 101.54(a).) In addition, the employer whose evidence was relevant to Claimant's eligibility for the benefits at issue had been sold in 2014 to another company and that company asserted that it had no employees who could respond to Claimant's claim. (R. Item 8, Employer Correspondence, R.R. at 135a.)

For the foregoing reasons, we affirm the Board's orders.

_____
JAMES GARDNER COLINS, Senior Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard L. Peters,                :
                               :
           Petitioner         :
                               :
            v.                 :   Nos. 1874 & 1875 C.D. 2016
                               :
Unemployment Compensation    :
Board of Review,             :
                               :
           Respondent     :

# O R D E R

AND NOW, this 31st day of July, 2017, the orders of the Unemployment Compensation Board of Review in the above-captioned matters are AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge