Susan Douglas, : 
           Petitioner : 
            : 
     v. : 
            : 
Unemployment Compensation : 
Board of Review, : No. 226 C.D. 2022
           Respondent : Submitted: August 26, 2022

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: November 17, 2022

Susan Douglas (Claimant) petitions for review of an order of the Unemployment Compensation (UC) Board of Review (Board) that dismissed as untimely her appeal from a Referee's decision. Upon review, we affirm the Board's order.

On February 22, 2021, the Referee issued a decision finding Claimant ineligible for UC benefits for the compensable week ending October 10, 2020 forward and establishing a non-fault overpayment. UC Board Decision, and Order, 3/14/22 (Bd. Dec.), Finding of Fact (FF) 1. The same day the Referee's decision was issued, a copy of the decision was mailed to Claimant at her last known post office address. *Id.*, FF 2 & 3. The mailing included a notice of the 15-day deadline

to appeal to the Board under Section 501(e) of the UC Law,[1] 43 P.S. § 821(e). The Board found that "[C]laimant received the Referee's decision and was aware of her ineligibility for benefits on or shortly after March 9, 2021." Bd. Dec., FF 4. However, Claimant did not attempt to appeal to the Board until May 17, 2021, well beyond the 15-day deadline. *Id.*, FF 6.[2]

Before the Board, Claimant asserted that her appeal was late because "she is a victim of domestic violence, she has various health issues, and she was not checking for mail on a regular basis"; further, she did not have cell phone or internet service. Bd. Dec., FF 7. However, the Board found that, although the Referee's decision contained information on how and when to appeal, Claimant relied instead on advice from her son, who incorrectly suggested that "she was wasting her time trying to file an appeal" from the Referee's decision and that "she should apply for Pandemic Unemployment Assistance (PUA) benefits" instead. *Id.* at 2 & FF 8-10. The Board concluded that UC authorities did not mislead or misinform Claimant, and her delay in filing an appeal was due to her reliance on her son's misinformation. *Id.* at 2 & FF 11. Claimant then filed a petition for review in this Court.[3]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

[2] Confusingly, the Board's decision states both that Claimant received the Referee's decision on or shortly after March 9, 2021, and that to be timely, an appeal to the Board had to be filed on or before March 9, 2021. Bd. Dec., FF 4 & 5. However, we need not resolve this apparent inconsistency in the Board's findings, as Claimant's appeal on May 17, 2021 was untimely even if we assume she did not receive the Referee's decision until on or shortly after March 9, 2021 and that she had 15 days from that date in order to file her appeal with the Board.

[3] This Court's review of the Board's order "is limited to determining whether Claimant's constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by competent evidence." *Dull v. Unemployment Comp. Bd. of Rev.*, 955 A.2d 1077, 1079 n.2 (Pa. Cmwlth. 2008).

A timely appeal to the Board from a Referee's decision is a jurisdictional prerequisite to the Board's ability to review the matter. *Gannett Satellite Info. Network, Inc. v. Unemployment Comp. Bd. of Rev.*, 661 A.2d 502, 504 (Pa. Cmwlth. 1995). The Board is not free to extend an appeal deadline as a matter of grace or indulgence. *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). Rather, after 15 days, the decision becomes final, and the Board lacks jurisdiction to consider an appeal, absent extraordinary circumstances. *See Hampson v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1814 C.D. 2019, filed July 14, 2021),[4] slip op. at 5-6 (quoting *Vereb v. Unemployment Comp. Bd. of Rev*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996) (*en banc*)).

To justify *nunc pro tunc* relief allowing a late appeal, a claimant bears a heavy burden of demonstrating extraordinary circumstances involving fraud or administrative breakdown, or that the claimant's "non-negligent conduct beyond [her] control caused the delay." *Hampson*, slip op. at 6 (quoting *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (additional quotation marks omitted)). Here, Claimant does not allege any fraud or administrative breakdown. She contends only that her conduct was non-negligent. We disagree.

Pennsylvania law is settled that "[t]he pressure of life events is . . . insufficient to excuse an untimely [UC] appeal." *Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018) (additional citations omitted). This Court has repeatedly held that *nunc pro tunc* relief was not available in situations analogous to, or even more exigent than, those in which Claimant found herself here. *See, e.g.*, *Constantini v. Unemployment Comp. Bd. of Rev.*, 173 A.3d

---

[4] This unreported decision is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

838, 845 (Pa. Cmwlth. 2017) (concluding that claimant's late appeal was not excusable, although she was "dealing with several ongoing legal issues, a malware virus attack on her computer network, lost data from her wireless devices, and medical emergency appointments during the 15-day appeal period"); *Dull v. Unemployment Comp. Bd. of Rev.*, 955 A.2d 1077, 1080 (Pa. Cmwlth. 2008) (denying *nunc pro tunc* relief where, although claimant had an I.Q. of only 76, delay was her own fault for failing to seek anyone's help); *Maloy v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1009 C.D. 2015, filed April 13, 2016), slip op. at 7-9 (denying *nunc pro tunc* relief where claimant was living around the corner from her mailing address and depending on neighbors to bring her mail while she was dealing with her brother's death, moving, and caring for her daughter and sick mother during the appeal period); *Burgher v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1929 C.D. 2014, filed July 7, 2015), slip op. at 8 (concluding that claimant dealing with anxiety and stress from layoff did not establish non-negligent circumstances); *Rabe v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1785 C.D. 2013, filed February 24, 2014), slip op. at 4 (denying *nunc pro tunc* relief to claimant who was dealing with financial stress and multiple pending court cases during appeal period); *Menges v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 2230 C.D. 2009, filed April 22, 2010), slip op. at 8-9 (determining that claimant dealing with a death in the family and lingering effects of a medical condition did not establish non-negligent circumstances).

Here, Claimant similarly failed to establish that her delay of two months in filing an appeal to the Board was the result of non-negligent circumstances. Although she alleged that she was dealing with the pressure of various life events,

4

such events do not constitute non-negligent circumstances justifying *nunc pro tunc* relief.

Moreover, the Referee and the Board found as a fact that it was not Claimant's various alleged life events, but her decision to follow her son's incorrect advice rather than the instructions provided with the Referee's decision, that caused Claimant's appeal to the Board to be untimely filed. Thus, Claimant has failed to satisfy the requirements for *nunc pro tunc* relief, and the Board correctly dismissed her appeal as untimely. Accordingly, we affirm the Board's order.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan Douglas,                       :

           Petitioner         :

                                :

        v.                     :

                                :

Unemployment Compensation   :

Board of Review,             :     No. 226 C.D. 2022

           Respondent     :

## O R D E R

AND NOW, this 17th day of November, 2022, the order of the Unemployment Compensation Board of Review dated March 14, 2022, dismissing as untimely the appeal of Petitioner, Susan Douglas, is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge