IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Carnevale, Jr.,          :
             Petitioner          :
                                              :
                        v.          :          No. 412 C.D. 2024
                                              :
Unemployment Compensation          :          Submitted: April 8, 2025
Board of Review,          :
             Respondent          :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED: May 7, 2025

        Robert Carnevale, Jr. (Claimant) petitions for review of the March 14, 2024 decision and order of the Unemployment Compensation Board of Review (Board), which dismissed Claimant's appeal as untimely pursuant to Section 502(a) of the Unemployment Compensation Law (UC Law).[1] In this Court, Claimant asserts that

---

[1] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended*, 43 P.S. § 822. Section 502 provides, in pertinent part, as follows:

> (a) . . . The parties and their attorneys or other representatives of record and the department shall be duly notified of the time and place of a referee's hearing and of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the [B]oard, unless an appeal is filed therefrom, no later than twenty-one days after the "Decision Date" provided on such decision or the [B]oard acts on its own motion, to review the decision of the referee. . . .

> (b) A decision under subsection (a) shall be mailed to each relevant party's last known post office address or transmitted electronically, as designated by the party.

43 P.S. § 822(a), (b).

the Board erred in dismissing his appeal and that he is entitled to a remand for *nunc pro tunc* consideration by the Board of the merits of his appeal.

Upon review, we affirm.

## I. Background and Procedural History

On April 19, 2020, Claimant filed an application for Pandemic Unemployment Assistance (PUA) benefits pursuant to Section 2102(h) of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act), 15 U.S.C. § 9021(h), to be effective as of March 15, 2020. (Certified Record (C.R.) at CR003, CR006.) Although Claimant was found eligible for PUA benefits, the Unemployment Compensation Service Center (Department) issued a benefit redetermination on October 1, 2020, in which it determined that Claimant's PUA benefits should be reduced to $195.00 per month. (C.R. at CR015.)

On June 16, 2021, the Department issued to Claimant a Notice of Determination Non-Fraud Overpayment (Overpayment Determination), in which it advised Claimant that he had, to date, received an overpayment of PUA benefits in the amount of $5,278.00. (C.R. at CR019.) The Overpayment Determination indicates that it was mailed to Claimant at 322 E Northview Ave, New Castle, PA 16105-2127, which was the address Claimant provided to the Department in his benefits application. (C.R. at CR006, CR019.)[2] The Overpayment Determination further notified Claimant that any appeal would have to be filed within 15 days, or by July 1, 2021, and provided appeal instructions. (C.R. at CR019, CR021.)[3]

---

[2] Claimant indicated in his benefits application that text message was his preferred notification method. He did not list the name or address of a lawyer. (C.R. at CR007.)

[3] At the time the Overpayment Determination was issued, Section 501(e) of the UC Law, 43 P.S. § 821(e), directed claimants to file an appeal within 15 days of receiving a notice of determination. Act 30 of 2021 amended Section 501(e) to increase the deadline to appeal to 21 days **(Footnote continued on next page…)**

2

Claimant filed a *pro se* appeal of the Overpayment Determination on October 6, 2021, by faxing a letter and form appeal to the Department via PA Career Link. The Department dated the appeal October 6, 2021, and internally filed the appeal electronically on Claimant's behalf and docketed it as No. 2022017205-AT. (C.R. at CR047, CR050-51.)[4] The Department then issued a PUA Overpayment Billing Notice to Claimant at his home address on February 23, 2022, requesting payment. (C.R. at CR056.) On March 22, 2022, Attorney Robert T. Barletta sent a letter via certified mail to the Department in which he advised that he represented Claimant and detailed Claimant's difficulties in communicating with the Department. (C.R. at CR054-55.) Attorney Barletta requested that the Department send to him all relevant documents and advise him of the date of Claimant's hearing before a referee. *Id.*

The Department scheduled and conducted a consolidated telephonic hearing on Claimant's appeal of the Overpayment Determination (No. 2022017205-AT) and two additional appeals (Nos. 2022017206-AT and 2022017345-AT) before Referee Kimberly Weikel (Referee) on July 12, 2022. (C.R. at CR076.) In the hearing notice sent to Claimant at his home address, the Department described the hearing's scope as follows:

---

from the "Determination Date" on the notice. 43 P.S. § 821(e). The amendments to Section 501(e) became effective to determinations of the Department issued after July 24, 2021. Section 501(f) of the UC Law provides that "a notice or a determination to a claimant or employer under this section shall be mailed to the claimant's or employer's last known post office address or transmitted electronically, as designated by the recipient." 43 P.S. § 821(f).

[4] The Department also filed two other appeals on Claimant's behalf on October 6, 2021, designated as Nos. 2022017206-AT and 2022017345-AT. (C.R. at CR041, CR044.) One of the appeals, No. 2022017206-AT, related to a determination issued by the Department on September 21, 2021, which found Claimant ineligible for PUA benefits due to Claimant's failure to verify his identity pursuant to Section 401(c) of the UC Law, 43 P.S. § 801(c). (C.R. at CR030-39.) That eligibility determination is not before the Court.

3

> This hearing involves multiple claims and/or appeal dockets which have been consolidated for purposes of hearing. The documents and testimony entered into the record as for one docket number will be accepted for all docket numbers. The dockets included for this hearing are: 2022017206, 2022017345, and 2022017205. Whether the appellant filed a timely and valid appeal from the initial determination(s). Whether the claimant is eligible for [PUA]. Whether the claimant is financially eligible for a higher PUA weekly benefit amount. Whether the claimant is overpaid due to receiving [PUA].

(C.R. at CR076-78.)

After the hearing,[5] on August 25, 2022, the Referee mailed a decision (Referee Decision) on Claimant's appeal of the Overpayment Determination to Claimant at his home address, in which the Referee found as follows:

1. [C]laimant filed an application for [PUA] benefits effective March 15, 2020, establishing a Weekly Benefit Amount (WBA) of $572.

2. [C]laimant filed for and received PUA benefits in the amount of $572 per week for the weeks ending March 21, 2020[,] through and including June 20, 2020.

3. On or around September 30, 2020, the Department issued a Monetary Determination, finding [C]laimant to be eligible for a WBA of $195.

4. The above notice informed [C]laimant that an appeal must be received or postmarked by October 22, 2020[,] if [C]laimant disagreed with the redetermination of his WBA.

5. [C]laimant had contacted his local state representative's office for assistance with his claim and the WBA issue.

---

[5] A transcript of the hearing before the Referee was not prepared. *See* 34 Pa. Code § 101.54(a) (a transcript of a referee hearing need not be transcribed unless a further appeal to the Board is filed); (C.R. at CR088.)

4

6. On June 16, 2021, the Department issued a Notice of Determination finding [C]laimant to have a non-fraud overpayment of PUA benefits in the amount of $5,278.

7. The above notice informed [C]laimant that there were [15] days from the date of the determination in which to file an appeal if [Claimant] disagreed with that determination.

8. The last day on which to file a timely and valid appeal to the overpayment notice was July 1, 2021.

9. [C]laimant submitted an appeal on October 6, 2021, to a disqualifying determination.

10. For calendar year 2019, [C]laimant submitted an appeal on October 6, 2021, to a disqualifying determination.

11. The Referee takes official notice that with a net loss for 2019, [C]laimant only qualifies for the minimum WBA of $195.

(C.R. at CR091-92.) On the question of whether Claimant filed a timely appeal of the Overpayment Determination under Section 501(e) of the UC Law, the Referee concluded:

> [C]laimant appeared at the hearing to present testimony and evidence on the issues under appeal. The above findings represent the competent evidence and credibility determinations made by the Referee in rendering the following decision.
>
> Section 501(e) of the [UC] Law provides that a Notice of Determination shall become final and compensation shall be paid or denied in accordance herewith unless an appeal is filed within the fifteen-day period after proper notification of said determination has been given to all affected parties.
>
> There is no evidence of record to demonstrate that [C]laimant was misinformed nor in any way misled regarding the right of appeal or the need to appeal.
>
> The provisions of this Section of the [UC] Law are mandatory, and the Referee has no jurisdiction to allow an

5

appeal filed after the expiration of the statutory appeal period. [C]laimant's appeal is therefore dismissed.

(C.R. at CR093.) The Referee Decision indicates that it was mailed to Claimant at his home address and advised that any appeal to the Board would have to be filed within 21 days, or by September 15, 2022. (C.R. at CR091-95.)

Claimant filed an appeal of the Referee Decision on the Overpayment Determination on December 7, 2022.[6] The Board designated the appeal as No. 2023000282-BR and sent to Claimant at his home address an Acknowledgment of PUA Appeal to Board of Review. (C.R. at CR101-02.) On March 14, 2023, the Board sent to Claimant at his home address a notice indicating that Claimant's appeal from the Referee Decision appeared to be untimely (Hearing Notice). (C.R. at CR120.) The Hearing Notice advised Claimant that, if "[he] believe[s] that [he] filed [his] appeal within the [21-]day period or that it should be deemed timely for other reasons, **[he] must request in writing that a hearing be scheduled** to allow [him] the opportunity to set forth your reasons as to why you believe [his] appeal was timely filed." *Id.* It further warned that, "[u]nless the Board receives a reply, **specifically requesting a hearing on the timeliness issue**, postmarked by March 29, 2023, it will proceed to issue an appropriate order," which "may result in the dismissal of your appeal, in which case the [R]eferee's decision becomes final and binding on all parties." *Id.* (emphases in original).

---

[6] Attorney Barletta sent a letter to the Department on December 7, 2022, which purported to take two appeals from (1) a "PUA Overpayment Billing Notice" dated November 10, 2022, and (2) a "Pandemic Unemployment Disqualifying Determination" dated November 16, 2022, which purportedly denied a request to backdate Claimant's PUA claim. Neither of those items are now before the Court. The letter also referenced one of the other two appeals filed by Claimant regarding the Referee's determination that Claimant adequately established his identity and, accordingly, was eligible for PUA benefits. (C.R. at CR104.)

6

Claimant did not respond to the Hearing Notice. Accordingly, the Board issued a Decision and Order on March 15, 2024, dismissing Claimant's appeal as untimely. (C.R. at CR122.) Therein, the Board found that the Referee's Decision was mailed to Claimant at his last known home address and was accompanied by a notice of Claimant's appeal rights and deadlines. The Board further found that there was no evidence in the record that the Referee Decision was not mailed or returned as undeliverable and that Claimant failed to raise the timeliness issue or request a hearing. (C.R. at CR122.) The Board therefore concluded that dismissal of the appeal was mandatory pursuant to Section 502(a) of the UC Law and 34 Pa. Code § 101.61(a).

Claimant now petitions for review in this Court.

## II.    Issues[7]

In his petition for review, Claimant does not assert that his appeal to the Board was timely. Rather, he alleges that the Board erred in noting in its findings that the Referee dismissed his appeal as untimely. In support, Claimant attaches a separate Referee decision regarding his eligibility for PUA benefits, which was not at issue at No. 2023000282-BR and was not addressed in the Board decision from which Claimant petitions for review. *See* Petition for Review, Ex. 2 (unnumbered).

In his brief, Claimant presents two arguments for our consideration. First, Claimant argues that the Board did not have authority to rule Claimant ineligible for PUA benefits (which it did not do). Second, Claimant contends that he never received the Referee Decision dismissing as untimely his appeal from the Overpayment

---

[7] Our review in unemployment compensation matters is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Douglas v. Unemployment Compensation Board of Review*, 151 A.3d 1188, 1191 n.4 (Pa. Cmwlth. 2016).

Determination, and therefore he is entitled to consideration of his appeal by the Board *nunc pro tunc*.

### III. Discussion

Preliminarily, we note that the Board decision and order before us does not address or render any determinations concerning Claimant's eligibility for PUA benefits. Claimant has petitioned for review of only the Board decision dismissing as untimely his appeal from the Referee Decision regarding the Overpayment Determination. We accordingly consider only Claimant's second issue, namely, whether the Board erred in dismissing Claimant's appeal as untimely and, relatedly, whether Claimant is entitled to *nunc pro tunc* relief.

Claimant contends that, although he and/or his attorney received other communications from the Board, including the separate Referee decision regarding Claimant's PUA benefits eligibility, he nevertheless did not receive the Referee Decision regarding the Overpayment Determination and, therefore, his appeal to the Board cannot be deemed to be untimely and should be considered *nunc pro tunc* on remand. (Claimant's Br. at 11-12, 14-5.) Claimant argues that the Referee Decision was sent only to his home address and not his attorney, which represents a breakdown in the administrative proceedings that justifies *nunc pro tunc* relief. He finally argues that the notation of mailing on the Referee Decision is not sufficient to establish that the decision was in fact mailed, and so the "mailbox rule" and its presumption of receipt does not apply here. *Id.* at 15-16.

The Board argues in response that, pursuant to the requirements of Section 502(a) of the UC Law and Section 101.61(a) of the Department's regulations, where a Claimant fails to file a timely appeal from a referee decision and fails to request a hearing on the timeliness issue, dismissal is compulsory. The Board contends that,

8

even assuming for purposes of argument that Claimant did not receive the Referee Decision regarding the Overpayment Determination, Claimant nevertheless admits in his brief to receiving the Hearing Notice, which advised him that he must request a hearing on the timeliness question or his appeal may be dismissed. (Board Br. at 14.) The Board insists that the place and time for Claimant to assert and present evidence regarding his alleged nonreceipt of the Referee Decision was at a hearing before the Board, which Claimant was obligated to, but did not, request. The Board accordingly contends that the decision dismissing Claimant's appeal must be affirmed.

Section 502(a) of the UC Law directs claimants to file an appeal to the Board within 21 days of a referee decision date. 43 P.S. § 822(a). If such an appeal is not filed, the referee's decision shall be deemed to be final. *Id.* Further, Section 101.61(a) of the Department's regulations provides as follows:

> (a)     If an appeal from a decision of the Department or an application for further appeal appears to have been filed beyond the applicable time limit, the tribunal shall advise the appealing party in writing that it appears not to have jurisdiction because of the late filing, and that the appeal or application for further appeal will be dismissed without a hearing unless the appealing party notifies the tribunal in writing within the succeeding 15 days from the date of such notice, that he contends the appeal or application for further appeal was timely filed and that he desires a hearing. **If no reply from the appealing party is received within the 15-day period, or if the appealing party does not request a hearing, the tribunal shall dismiss the appeal or application for further appeal.**

34 Pa. Code § 101.61(a).

Where an appeal to the Board is untimely, the Board does not have jurisdiction to consider it, and we cannot overlook such a defect "as a matter of grace or indulgence." *Carney v. Unemployment Compensation Board of Review*, 181 A.3d

1286, 1288 (Pa. Cmwlth. 2018). Nevertheless, in certain limited circumstances, an otherwise untimely filing may nevertheless be considered *nunc pro tunc*. Such consideration is warranted only in extraordinary circumstances that involve a fraud or breakdown in court or administrative operations or where the untimeliness was caused by non-negligent circumstances affecting a claimant or a third party. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996); *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008).

Pursuant to the so-called "mailbox rule," where a determination is mailed to a claimant's last known mailing address, a presumption arises that the determination was in fact received by the claimant. *Dull v. Unemployment Compensation Board of Review*, 955 A.2d 1077, 1079 (Pa. Cmwlth. 2008); *Gaskins v. Unemployment Compensation Board of Review*, 429 A.2d 138, 140 (Pa. Cmwlth. 1981). A claimant's mere denial of receipt will not overcome the presumption, but where a claimant raises the issue of timeliness and asserts that the determination was not *mailed*, the presumption of receipt will not apply. *Douglas v. Unemployment Compensation Board of Review*, 151 A.3d 1188, 1192-93 (Pa. Cmwlth. 2016).

Here, we conclude that the Board properly dismissed Claimant's appeal and that Claimant is not entitled to *nunc pro tunc* relief. Although Claimant argues in this Court, for the first time, that he did not receive the Referee Decision, he at no point raised this issue before the Board. Claimant contends that, although the Referee Decision appears to have been mailed, he nevertheless did not receive it. He also argues that the notation of a mailing date on the Referee decision is inadequate to establish its mailing in fact. Claimant could and should have raised this argument before the Board, particularly since it is undisputed in the record that he received the

10

Hearing Notice and was advised that (1) his appeal appeared to be untimely, and (2) he must request a hearing on the issue to prevent his appeal from being dismissed. (Claimant's Br. at 11.)  Because he did not, he cannot now raise the issue in this Court. *See Han v. Unemployment Compensation Board of Review*, 42 A.3d 1155, 1157-58 (Pa. Cmwlth. 2012).  Further, given that Claimant failed to develop the timeliness issue before the Board, there are no facts in the record before us indicating any administrative breakdown or other extraordinary circumstances entitling Claimant to *nunc pro tunc* relief.  We therefore conclude that dismissal of Claimant's appeal as untimely was appropriate.[8]

We accordingly affirm the Board.

_____
PATRICIA A. McCULLOUGH, Judge

---

[8] We note that Claimant is not without further recourse regarding the Overpayment Determination.  Claimant may seek a waiver from the Department of any repayment obligations by submitting the appropriate Overpayment Waiver Questionnaire (Form UC-1656).  *See* 15 U.S.C. § 9021(d)(4);  *see also*  https://www.pa.gov/agencies/dli/resources/for-claimants-workers/benefits-information/using-the-uc-system/claimant-faqs/online-overpayments-faqs.html (last visited May 6, 2025).  If Claimant is dissatisfied with the Department's waiver determination, he may appeal.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Carnevale, Jr.,                          :
                       Petitioner          :
                                      :
             v.                               :  No. 412 C.D. 2024
                                        :
Unemployment Compensation           :
Board of Review,                                   :
                       Respondent       :

## *ORDER*

AND NOW, this 7th day of May, 2025, the March 14, 2024 Decision and Order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

                                       _____

                                       PATRICIA A. McCULLOUGH, Judge